CURPHEY MUNDAY ET AL. *v.* ALEXANDER TERREL ET AL.

[39 South. Rep., 477.]

INJUNCTION. *Persons liable. Trade union. Trespasses.*

An injunction restraining defendants from trespassing upon complainants' property will be dissolved as to a part of the defendants, sued only as individuals, and upon their motion, if it appear that they have not themselves been guilty of the trespass, in the absence of a charge that they were conspirators with others who have been guilty. ·

FROM the chancery court of Warren county.

HON. WILLIAM P. S. VENTRESS, Chancellor.

Munday and others, the appellants, were complainants in the court below; Terrel and others, the appellees, were defendants there. A temporary injunction restraining defendants from interfering with the labor and business and from trespassing upon the property of the complainants was obtained. From a decree dissolving the injunction as to some of the defendants, upon their motion, the complainants appealed to the supreme court.

*McLaurin, Armistead & Brien,* for appellants.

Counsel cited the following authorities: *Beck* v. *The Railway, etc., Union,* 74 Am. St. Rep., 421; *State* v. *Glidden,* 55 Conn., 46 (s.c., 3 Am. St. Rep., 23); *Casey* v. *Typographical Union,* 45 Fed. Rep., 135; *Commonwealth* v. *Hunt,* 4 Met., 111, 129 (s.c., 38 Am. Dec., 346); *Murdock* v. *Walker,* 152 Penn. St., 595; *Vegelahm* v. *Guntner,* 167 Mass., 92 (s.c., 57 Am. St. Rep., 443); *Hamilton-Brown Shoe Co.* v. *Saxey,* 131 Mo., 212 (s.c., 52 Am. St. Rep., 623); *Arthur* v. *Oakes,* 63 Fed. Rep., 310; *W. J. Gray* v. *Building Trades Council,* 63 L. R. A., 753; *Erty* v. *Produce Exchange,* 79 Minn., 140 (s.c., 48 L. R. A., 90; 79 Am. St. Rep., 433); *Erdman* v. *Mitchell,* 63 L. R. A., 534; *Flaccus* v. *Smith,* 54 L. R. A., 640; *Southern Ry. Co.* v. *Machinists' Local Union,* 111 Fed. Rep., 49.

*Henry & Scudder,* for appellees.

Counsel cited the following authorities: *Thomas* v. *Cincinnati Railroad Co.,* 62 Fed. Rep., 817; *Vegelahm* v. *Guntner,* 167 Mass., 108; *Would* v. *Bowron,* L. R. A. (2 Q. B.), 25; *Bohn Mfg. Co.* v. *Hollis,* 54 Minn., 223; *National Protective Association* v. *Cummings,* 53 N. Y. App. Div., 227; *Moores* v. *Bricklayers,* 10 Ohio Dec. (reprint), 665; *McCauley* v. *Tierney,* 19 R. I., 255; *Curran* v. *Galem,* 152 N. Y., 23 (62 Fed. Rep., 817; 2 Daly [N. Y.], 10; 11 Ohio Dec. [reprint], 585); *Boyer* v. *W. U. Tel. Co.,* 124 Fed. Rep., 246; *Hopkins* v. *O. S. Co.,* 83 Fed. Rep., 924; *U. S.* v. *Kane,* 23 Fed. Rep., 748 (11 Ohio Dec. [reprint], 49); *Master B. Ass'n* v. *Damascio,* 63 Penn., 782; *Reynolds* v. *Everett,* 144 N. Y., 189; *S. T. & F. Co.* v. *Unions,* 7 Ohio N. P., 87; *Arthur* v. *Oakes,* 63 Fed. Rep., 310; *Union Pacific Ry. Co.* v. *Ruef,* 120 Fed. Rep., 113; *Albis-Chalmers Co.* v. *Lodge,* 111 Fed. Rep., 264; *Beaton* v. *Farrant,* 102 Ill. App., 123; *Parrault* v. *Gautier,* 28 Can. Sup. Ct., 224; *Rogers* v. *Evarts,* 17 N. Y. Sup., 264 (11 Ohio [reprint], 585); *Johnson Harvester Co.* v. *Meinhard,* 9 Abb., New Cases, 393 (24 Am. & Eng. Ency. Law [1st ed.], 133, note 2); *Marx & Haas*

*Jeans Clothing Co.* v. *Watson,* 168 Mo., 133; *National Protective Ass'n* v. *Cummings,* 63 N. E. Rep. (N. Y.), 369; *Beck* v. *Railroad Teamsters' Protective Union,* 118 Mich., 497.

Argued orally by *A. A. Armistead,* for appellants, and by *E. N. Scudder,* for appellees.

TRULY, J., delivered the opinion of the court.

Appellants, complainants below, are contractors and builders. Appellees are carpenters and members of certain labor unions which had ordered a strike against appellants because of their refusal to employ only union labor. Appellants' bill of complaint averred that certain named persons, who were made defendants, had interfered with their business, trespassed on their property, and intimidated their employes, so that it was impossible for them to procure labor or satisfactorily, without undue delay, prosecute to completion their building contracts. An injunction was asked to prohibit and prevent all interference with their property, labor, or business. But the suit was instituted against the numerous defendants as individuals. All the members of the labor unions were not joined in the bill of complaint, nor were the persons made defendants proceeded against as members of any labor union or other organization. It is not averred that the defendants jointly conspired or mutually combined to commit the trespasses and injuries the perpetration or repetition of which was enjoined by the writ issued upon the filing of the bill. The labor unions, as organizations, were not made parties to the proceeding, nor was any process asked or issued against them.

Under such state of case, in the absence of a specific charge of conspiracy, the chancellor rightly dealt with each of the parties defendant as an individual, and decided upon the merits of the case against each defendant upon the testimony relating directly to him. A careful inspection of the record fails to satisfy us of the incorrectness of the conclusion of the chancellor in dissolv-

ing the injunction against certain of the defendants.   The injunction was retained against all those shown by the record to have actually and violently committed a trespass upon the property or rights of the appellants, or who personally attempted to intimidate their nonunion employes.   This is as. far as the law warranted the chancellor in going.   Surely the most advanced advocate of "government by injunction" could not ask that a private individual be enjoined from the exercise of his constitutional privilege of freedom of action and speech, when his conduct does not amount to a violation of the law or an invasion of the rights of others.   Had the bill of complaint sought to restrain the labor unions of Vicksburg as organizations, or charged a conspiracy among all the associated members or the individuals made defendant, and this averment been supported by proof, an entirely different, question would have been presented.   Dealing with the case made by the pleadings and proof, the testimony for the appellants does not overcome the presumption of correctness which attaches to the decision of the chancellor.

<em>The decree is affirmed.</em>